IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL NO. 25 WELFARE FUND, and MARIE HAASE, as Administrative Manager,<br><br>      Plaintiffs,<br><br>v.<br><br>WES SEDAM,<br><br>      Defendant. | No. 4:12-cv-04114-SLD-JAG |

## ORDER

This case involves Plaintiff Plumbers and Pipefitters Local No. 25 Welfare Fund's ("Fund") claim against a Fund participant, Defendant Wes Sedam, for allegedly failing to reimburse the Fund according to the terms of its benefits plan. Defendant counterclaimed, alleging that the Fund wrongfully denied him benefits. Plaintiff has moved to strike Defendant's affirmative defense and dismiss his counterclaim. For the reasons set forth below, Plaintiff's Motion to Strike Affirmative Defense, ECF No. 17, is GRANTED and Plaintiff's Motion to Dismiss Counterclaim, ECF No. 17, is DENIED.

## BACKGROUND

The Fund is an employee welfare benefit plan, as defined by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶ 2, ECF No. 1. The benefit plan was established under a collective bargaining agreement between Local No. 25 and certain employers. *Id.* The Fund provides medical benefits to participants, which cover portions of the cost of medical bills, hospitalization expense, medical treatments and medical supplies. *Id.* at ¶ 4. The agreement between the Fund and a participant—titled "Plan Document and Summary

1

Plan Description" ("governing document")—provides that, if a participant recovers medical expenses from a third party, any benefits provided by the Fund must be reimbursed, at least to the extent of the participant's recovery from the third party.  Compl., Ex. 3 at 3–5, ECF No. 1-3. The Fund's right of reimbursement must be satisfied before the participant's third party recovery is reduced to pay for court costs or expert, attorney, or filing fees, or other costs of litigation, absent the prior written consent of the Fund.  *Id.* at 5.

On July 1, 2008, Sedam was injured in an automobile accident.  On December 18, 2008, he signed a "Reimbursement Acknowledgment" in which he allegedly agreed to reimburse the Fund for medical expenses it covered from any legal action or settlement arising from the accident.  Compl., Ex. 4, ECF No. 1-4.  The signed Acknowledgment provided that "Written Verification From the Attorney Must Be Attached," but the Fund did not secure the signature of the attorney identified by Sedam.  Affirm. Def. ¶¶ 3–5, ECF No. 14.  The Fund then provided Sedam with medical-expense payments and disability benefits totaling $51,602.17.  Compl. ¶ 8. On January 18, 2012, Sedam allegedly obtained a settlement based on the automobile accident, but refused to reimburse the Fund.  *Id.* at ¶¶ 9-10.  Sedam alleges that he has personally paid for, or been forced to forego, medical treatment the Fund wrongfully failed to cover.  Answer ¶ 10, ECF No. 12.  He has counterclaimed for the medical costs and/or injury he claims he incurred as a result of the Fund's failure to provide medical benefits in accordance with the agreement between Sedam and the Fund.  Countercl. ¶¶ 5–9, ECF No. 11.

On September 12, 2013, the Fund moved to strike Sedam's affirmative defense, arguing that the Fund has a right to reimbursement regardless of the validity of the Reimbursement Acknowledgment.  Mot. Strike & Dismiss ¶¶ 5–7, ECF No. 17.  The Fund simultaneously moved to dismiss Sedam's counterclaim, arguing that under ERISA and the terms of the benefits

plan, Sedam has no right to benefits for conditions caused by a third party for which a settlement was obtained. Mot. Strike & Dismiss ¶¶ 9–10.

## DISCUSSION

### I. Motion to Strike Affirmative Defense

Sedam maintains that any obligation he has to reimburse the Fund is rendered unenforceable by the Fund's failure to obtain his attorney's authorization, contrary to the express requirement in the Reimbursement Acknowledgment. Affirm. Def. ¶ 8. The Fund argues that this affirmative defense fails as a matter of law because the obligation to reimburse the Fund stems from the plan's governing document, not the Reimbursement Acknowledgment. Mem. Supp. Mot. Strike 3–4, ECF No. 18. Sedam does not deny his participation in the plan. Likewise, he does not dispute that the governing document includes a duty to reimburse advances following third-party recoveries, although he does deny the provision's applicability to his case. Answer ¶¶ 1–5. His only challenge is based on the Reimbursement Acknowledgment.

#### A. Legal Framework

##### 1. Striking Affirmative Defenses

The Federal Rules of Civil Procedure provide that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses presenting "substantial questions of law or fact" should not be struck. *ConocoPhillips Pipe Line Co. v. Rogers Cartage Co.*, No. 3:11-cv-497, 2012 WL 1231998, at *1 (S.D. Ill. 2012) (citing *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). A motion to strike may not be granted "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can be reasonably inferred from any state of facts in the pleadings." *416.81 Acres of Land*, 514 F.2d at 631. The purpose of this strict standard is to

provide a party with the opportunity to prove a defense if there is a possibility that it may succeed after a full hearing on the merits. *Id.* (citation and internal quotation marks omitted).

### 2. ERISA Plans

ERISA permits a qualifying plan's participant, beneficiary, or fiduciary[1] to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan." 29 U.S.C. § 1132(a)(3). Reimbursement from a plan participant following a third-party recovery, as required under the terms of an ERISA benefits plan, qualifies as "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3). *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 547 U.S. 356, 361-69 (2006).

ERISA grants employers large leeway to design welfare benefit plans as they see fit, *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003); it does not regulate the substantive content of plans, *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985). Any rights conferred or created by an ERISA plan are contractual in nature. *Land v. Chicago Truck Drivers Unions*, 25 F.3d 509, 514 (7th Cir. 1994). Questions concerning benefits available under a plan "are resolved by reference to the written instrument that governs the plan." *Id.* Thus, courts interpreting reimbursement provisions in ERISA plans have held that the language of the reimbursement provision governs the scope of the reimbursement right. *See Ries v. Humana Health Plan, Inc.*, No. 94 C 6180, 1995 WL 669583, at *8 (N.D. Ill. 1995) (citation omitted).

### B. Analysis

Sedam argues that the Fund's failure to properly execute the Reimbursement Acknowledgment means he has no obligation to reimburse the Fund. The Seventh Circuit

---

[1] Sedam does not dispute that the Fund is a "fiduciary" and is thus capable of bringing a claim for reimbursement.

considered a similar situation, where an ERISA plan provided that a participant must fully reimburse the plan for medical expenses when he or she later recovers from a liable third party. *Harris Trust & Savings Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 612 (7th Cir. 1995), *abrogated on other grounds by Sereboff*, 547 U.S. at 362-63. In *Harris Trust*, the plan administrator failed to obtain the participant's signature on an agreement promising to reimburse the fund following a third-party recovery, even though the plan's governing document conditioned advancement of benefits on the participant signing such an agreement. *Id.*

The Seventh Circuit affirmed the district court's holding that this failure did not mean the ERISA plan waived its right to reimbursement. *Id.* at 616. The court reasoned that the third-party provision did not create a contractual duty for the plan to obtain a signed reimbursement agreement before advancing benefits to the participant, because the governing document granted the plan discretion over whether to advance such benefits at all. *See id. Harris Trust* highlighted the participant's knowledge of the reimbursement requirement at the time her representative requested the advanced benefits: "Absent that knowledge, the beneficiary could not reasonably have expected to pay the insurer for the benefits he or she received." *Id.* (internal quotation marks omitted).

Similar to *Harris Trust*, Sedam's duty to reimburse the Fund arose from the plan's governing document and did not require his or his attorney's execution of a written agreement acknowledging the reimbursement obligation. Here, as in *Harris Trust*, the Fund's governing document gave Sedam notice that full reimbursement was a condition of advancement of benefits where a third party was liable. Compl., Ex. 3 at 3–4. And, as in *Harris Trust*, the plan's governing document gave the Fund "sole discretion" to advance benefits for injuries by third parties. *Id.* at 3. Sedam—unlike the *Harris Trust* plan participant—even signed the

5

Reimbursement Acknowledgment, which further indicates his knowledge of a duty to repay the advanced benefit payments. Compl., Ex. 4 at 2.

In comparison with *Harris Trust*, the ERISA plan at issue here provides even weaker grounds for Sedam's argument. The governing document in *Harris Trust* conditioned advancement of benefits on the participant signing a reimbursement agreement. 57 F.3d at 612. Here, the governing document does not even mention a separate written reimbursement agreement. *See* Compl., Ex. 3 at 3. Rather, the participant's acceptance of advanced benefits itself constitutes his or her agreement to reimburse the Fund in the event of a recovery. *Id.* Because the Fund had no obligation to obtain Sedam's written acknowledgment of his pre-existing duty to reimburse, the absence of his attorney's signature on the Reimbursement Acknowledgment also has no effect on the obligation created in the governing document.

Even if, as Sedam argues, the absence of the attorney's authorization rendered the Reimbursement Agreement unenforceable, Sedam would still have a duty to reimburse the Fund based on his acceptance of an advance from the Fund. Compl., Ex. 3 at 3–4. His affirmative defense is therefore insufficient on its face, because—even accepting the validity of all its allegations—it does not negate the source of Sedam's reimbursement obligation. *See 416.81 Acres of Land*, 514 F.2d at 631. Therefore, the affirmative defense is struck under Rule 12(f).

**II. Motion to Dismiss Counterclaim**

The Fund argues that Sedam's counterclaim should be dismissed because any claim he can bring against the Fund for benefits must come under ERISA and therefore be governed by the terms of the ERISA plan. Because those terms do not provide for medical benefits where the participant's injury is caused by a third party and recovery is obtained, the Fund argues, Sedam

6

has failed to state a claim upon which the Court can award him his requested relief. Mem. Supp. Mot. Strike 5, ECF No. 16.[1] The Court disagrees.

### A. Legal Framework

#### 1. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit has identified the practical requirements of *Twombly* and *Iqbal* for federal pleading:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

#### 2. ERISA Pre-emption

Although Sedam does not invoke the statute in his counterclaim, his counterclaim for medical benefits allegedly owed to him by the Fund must come under ERISA, 29 U.S.C. § 1132(a)(1)(B). The purpose of ERISA is to provide a uniform regulatory regime over

---

[1] The Fund also, in a footnote, argues that Sedam's counterclaim should be dismissed due to Sedam's failure to exhaust the plan's internal appeals process. Mem. Supp. Mot. Strike 6 n.3. While the Seventh Circuit grants a trial court discretion over whether to require internal-appeals exhaustion, exhaustion is preferred as "ordinarily a useful prelude to a lawsuit." *Ames v. American Nat'l Can Co.*, 170 F.3d 751, 756 (7th Cir. 1999). However, *Ames* is distinguishable, as Sedam did not initially choose to pursue his denial-of-benefits claim in federal court. *See id.* at 754 (noting that participants instituted the suit for denied benefits). The Fund brought this action, and Sedam risked forfeiting a likely compulsory counterclaim if he did not assert it here. *See* Fed. R. Civ. P. 13(a); *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 710–12 (7th Cir. 1990). Exhaustion was therefore not necessary in this case.

employee benefit plans, and "to this end, ERISA contains expansive pre-emption provisions . . . intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raysbestos-Manhattan, Inc.*, 541 U.S. 504, 523 (1981)).  ERISA's comprehensive legislative scheme includes an integrated system of procedures for civil enforcement in the form of section 502(a), codified at 29 U.S.C. § 1132(a)(1)(B).  *Davila*, 542 U.S. at 208 (citation omitted).  "[A]ny state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Davila*, 542 U.S. at 208 (citations omitted).

Section 502(a) provides: "A civil action may be brought—(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).  If a person sues for denial of medical coverage, where the person is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan and where no legal duty independent of ERISA or the plan terms is breached, then the suit falls within the scope of section 502(a)(1)(B) of ERISA and is pre-empted.  *Davila*, 542 U.S. at 210.

**B. Analysis**

Sedam's counterclaim alleges that the Fund breached a contractual agreement to provide Sedam and his dependents with health benefits.  Countercl. ¶ 6, ECF No. 11.  Although he invokes no federal or state statute or case law, his counterclaim is entitled "Breach of Contract."  The counterclaim identifies the contractual agreement giving rise to the Fund's duty to provide the medical benefits as "the Agreement and Declamation of Trust of the Plumbers and Pipefitters Local No. 25 Welfare Fund."  *Id.* at ¶ 3.  This claim for benefits, albeit presented in state contract

law terms, is in fact an action "to recover benefits due to him under the terms of the [ERISA] plan," 29 U.S.C. § 1132(a)(1)(B), as the Fund has no duty to provide such benefits outside the terms of the plan it administers. *See Davila*, 542 U.S. at 213 (holding a claim pre-empted by ERISA where liability would exist under the claim only because of petitioners' administration of an ERISA-regulated benefit plan). Therefore, Sedam's counterclaim is pre-empted by section 502(a)(1)(B) of ERISA. In a later filing, Sedam acknowledges that his counterclaim—"perhaps inartfully," because it did not specifically invoke the statute—states a claim under section 502(a)(1)(B). Resp. Mot. Strike 5, ECF No. 21.

The failure to invoke ERISA is not fatal to Sedam's counterclaim. The Federal Rules do not require formalistic statutory citations in complaints. *Laborers' Pension Fund v. Safe Envtl. Corp.*, No. 13 C 1180, 2013 WL 1874197, at *2 (N.D. Ill. May 3, 2013) (citing *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978)). Under Rule 8(a)(2), "it is not necessary that the plaintiff set forth the legal theory on which he relies if he sets forth sufficient factual allegations to state a claim showing that he is entitled to any relief which the court may grant." *Rohler*, 576 F.2d at 1264 (citation omitted). Nor is this a case where dismissal of an ERISA pre-empted claim is warranted because the claimant deliberately sought to avoid stating a federal cause of action in order to prevent removal. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1491 (7th Cir. 1996), *abrogated on other grounds by Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 597 n.1 (7th Cir. 2008); *Shannon v. Shannon*, 965 F.2d 542, 553 (7th Cir. 1992) (reversing dismissal of a state-law claim that was ERISA pre-empted and ordering the court on remand to determine "whether relief is possible under any set of facts that could be established consistent with the allegations" (citation and internal quotation marks omitted)).

What is fatal, the Fund argues, is that the plan's terms disclaim the Fund's obligation to support participants when their injures are caused by third parties and recovery is obtained, and Sedam provides no factual or legal support for a section 502(a)(1)(B) claim in light of this disclaimer. Mem. Supp. Mot. Strike 5–6. The Court, however, finds that Sedam has made factual allegations sufficient to raise a reasonable inference that the Fund wrongfully failed to cover medical costs unrelated to, or over and above, the third-party recovery Sedam received. *See Iqbal*, 556 U.S. at 678.

The Fund's governing document states that "major medical benefits" are not payable for "any expense incurred for an illness or injury incurred as a result of the action, conduct or liability of a [third party] for which any recovery has been obtained." Compl., Ex. 3 at 9–10. But, unless the scenario giving rise to the medical need is otherwise excluded from coverage, "if a Covered Person undergoes any Medically Necessary treatment or receives any Medically Necessary service specified in this Section because of injury or illness, the Plan, subject to all the provisions of this Plan Document, will pay for such treatment or service received" subject to the applicable deductible and out-of-pocket limit. *Id.* at 8.

Sedam claims that the Fund (1) refused to provide the medical benefits to which he was entitled as a plan participant in good standing, *see* Countercl. ¶ 6, (2) authorized medical treatment for which the Fund afterward refused to pay, *id.* at ¶ 9, and (3) forced him to forgo medical treatment by telling his medical providers that his treatment was no longer covered by the Fund, *id.* at ¶ 8. These actions, which Sedam claims breached the Fund's obligations under its governing document, occurred "following the settlement of the personal injury lawsuit." *Id.* at ¶ 6. The counterclaim does not state that the need for any or all of the denied medical benefits arose *from* the third-party incident. As a result, Sedam's allegations give rise to a reasonable

inference that he is counterclaiming for medical benefits not excluded by the third-party recovery clause. *See Iqbal*, 556 U.S. at 678. Further, Sedam's description of the Fund's alleged wrongful denial of benefits and the time frame in which it occurred suffices to provide the Fund with fair notice of the claim against it. *See Brooks*, 578 F.3d at 581. Accordingly, Sedam's counterclaim states a plausible claim for relief and will not be dismissed under Rule 12(b)(6).

## CONCLUSION

Plaintiff's Motion to Strike Affirmative Defense, ECF No. 17, is GRANTED. Plaintiff's Motion to Dismiss Counterclaim, ECF. No. 17, is DENIED.

Entered this 5th day of February, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE