E-FILED
Monday, 16 June, 2014  02:10:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL NO. 25 WELFARE FUND, and MARIE HAASE, as Administrative Manager, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-cv-04114-SLD-JEH |
| WES SEDAM, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiffs/Counter-Defendants Plumbers and Pipefitters Local No. 25 Welfare Fund and its Administrator, Marie Haase (collectively, "the Fund"), sued a Fund participant, Defendant/Counter-Plaintiff Wes Sedam, for reimbursement of medical and disability benefits after Sedam recovered for his injuries in a third-party settlement.  The Fund has moved for summary judgment on all claims in the Complaint, ECF No. 1, and the Counterclaim, ECF No. 11.  For the following reasons, Plaintiffs' Motion for Summary Judgment, ECF No. 29, is GRANTED IN PART and DENIED IN PART.

### BACKGROUND[1]

The Fund is a joint labor-management trust fund established under a collective bargaining agreement between Local No. 25 and certain employers for the purpose of providing health and welfare benefits to participants.  The principal document governing operation of the Fund is the

---

[1] Unless otherwise indicated, the background material is comprised of undisputed facts from the parties' summary judgment briefings.  *See* Pls.' Statement of Facts, ECF No. 31; Def.'s Resp. to Mot. Summ. J. 2–4, ECF No. 32.

1

Plumbers and Pipefitters Local No. 25 Plan Document and Summary Plan Description ("the Plan"). The Fund is administered by a board of trustees and its staff. The Plan is an employee welfare benefit plan, as defined by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶ 2, ECF No. 1. The Plan provides medical benefits to eligible participants. It also pays a weekly disability benefit if an eligible active employee suffers disability due to a "non-occupational bodily injury or illness" that results in loss of income, and the employee remains under a physician's care throughout the entire period of disability.

Section 13 of the Plan, the "Third Party Recovery Provision," provides in pertinent part: (1) the Fund will "conditionally advance benefits" where a third party causes the participant's injuries and "may be responsible for expenses" arising therefrom; (2) if the participant recovers from the third party, he or she must promptly reimburse any benefits conditionally provided by the Fund, at least to the extent of the participant's recovery from the third party; and (3) if he or she fails to reimburse the Fund, the participant is responsible for "any and all expenses (fees and costs) associated with the Plan's attempt to recover such money."

Section 13 also provides that failure to comply with any Plan requirement "may, at the Plan's discretion, result in a forfeiture of payment by the Plan of medical benefits and any funds or payments due under this Plan on behalf of the Plan Participant(s) may be withheld until the Plan Participant(s) satisfies his or her obligation." The Plan Administrator retains "sole, full and final discretionary authority" to interpret and administer the Plan's reimbursement right. Additionally, Section 17 of the Plan, "Limitations Applicable to Major Medical Benefits," provides that benefits shall not be payable for "[a]ny expense incurred for any Illness or Injury incurred as a result of the action, conduct, or liability of [a] person . . . for which any recovery

2

has been obtained, either before or after attaining Eligibility for benefits hereunder, whether by suit, judgment, settlement, compromise or otherwise." Pls.' Statement of Facts, Ex. 1 at 88.

Sedam is a plan "participant" within the meaning of ERISA. His employer withholds a portion of his pay and contributes on his behalf to the Fund. On July 1, 2008, Sedam was injured in an automobile accident with a third party. The Fund claims it covered $46,502.15 in medical expenses and paid $5,100.02 in disability benefits to Sedam based on his injuries in the accident, for a total of $51,602.17. Pls.' Statement of Facts 7–8; Haase Aff. ¶ 9, ECF No. 31-2.

On January 18, 2012, Sedam obtained $425,000 from a settlement based on the automobile accident. On February 13, March 5, March 21, April 19, June 8, and October 26 of 2012, the Fund's administrative manager or its attorneys wrote to Sedam's attorney requesting reimbursement in light of the settlement. Sedam has not paid the Fund any amount of the requested reimbursement. In response, as of February 28, 2014, the Fund claims it has withheld $9,041.07 in benefit payments for Sedam and his dependents. Pls.' Statement of Facts 8 & Ex. 7; Haase Aff. ¶ 10. According to Sedam, the Fund has failed to pay $17,463.50 in medical expenses following his settlement, even though his employer continued Sedam's regular contributions to the Fund, paying the Fund $16,282.50 from Sedam's paycheck during that period. Def.'s Resp. to Mot. Summ. J. 9; Sedam Aff. ¶ 15, ECF No. 32-1.

The $17,463.50 Sedam claims the Fund has withheld is the sum of three figures. First is the $8,690.54 in expenses that the Fund claims to have paid in the "Reimbursement Acknowledgment Breakdown" it submitted, Pl.'s Statement of Facts, Ex. 7 at 3, ECF No. 31-2, but also claims to have withheld as offsets, *id.* at 1–2 (spreadsheet of offsets). Second is $5,470.23 of the $9,041.07 in claims that the Fund acknowledges withholding. *Id.* Third is an

3

additional $3,302.73 in medical expenses, unaddressed by the Fund, which Sedam claims to have paid out of his own pocket. Def.'s Resp. to Mot. Summ. J. 8–9 & Ex. 6. Sedam argues that he therefore owes the Fund only the difference of $51,602.17 and $17,463.50, or $34,138.67,[2] in reimbursement. Def.'s Resp. to Mot. Summ J. 10.

On December 5, 2012, the Fund filed the instant suit to enforce its asserted right under the Plan to full reimbursement from Sedam's third party recovery. The Fund seeks reimbursement for the medical and disability benefits it paid on Sedam's behalf following the accident, and a declaration of its authority to offset Sedam's future benefit claims until reimbursement is made. *See* Compl. 7, ECF No. 1. Sedam counterclaimed, arguing that the Fund had wrongfully withheld payment for medical services for Sedam and his dependents following Sedam's settlement. Counterclaim, ECF No. 11. The Fund has moved for summary judgment, presumably—as it is not clearly stated—on all issues in the Complaint and Counterclaim, which include: (1) Sedam's duty to reimburse the Fund, (2) the Fund's right to withhold payment of benefits due to Sedam's lack of reimbursement and because the injuries were covered by the third-party settlement, (3) the amount of reimbursement owed the Fund, and (4) the Fund's claim for attorney's fees pursuant both to the terms of the Plan and to ERISA's fee provision, 29 U.S.C. § 1132(g)(2). *See* Pl.'s Mem. in Supp. Mot. Summ. J., ECF No. 30. In his Response, Sedam does not dispute his reimbursement obligation, just its amount; he also challenges the Fund's claimed right to deny benefits related to his accident following the settlement. *See* Def.'s Resp. to Mot. Summ. J. 1–2, 11–12. Additionally, he contests the Fund's

---

[2] Sedam states this figure as $34,156.65, which appears to be a mere calculating error. *See* Def.'s Resp. to Mot. Summ J. 10.

4

claim for attorney's fees on the grounds that (1) Sedam has a sound basis for the arguments he has asserted and (2) the Fund unreasonably resorted to litigation over a minor despite, despite Sedam's reasonable settlement offer. *See id.* at 10–13.

## DISCUSSION

Sedam acknowledges that he is obligated to reimburse the Fund, and does not dispute the first $34,138.67 of that reimbursement obligation. *See* Def.'s Resp. to Mot. Summ J. 1–2, 10. Accordingly, the Fund is granted summary judgment on Sedam's liability for this amount. The issues remaining before the Court are: (1) how much of the additional $8,422.43[3] in medical benefit reimbursement sought by the Fund is Sedam liable for, (2) whether the Fund, once fully reimbursed, has the authority to deny Sedam future benefits for injuries arising from the July 1, 2008 accident, and (3) whether the Fund is entitled to attorney's fees.

**I. Legal Framework**

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted). A court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[3] The Fund claims Sedam owes $42,561.10, which is the total value of medical and disability benefits it claims to have paid in connection with his accident, $51,602.17, minus the $9,041.07 in offsets it claims to have already taken against Sedam's reimbursement obligation. Pls.' Reply 3. Sedam claims the value of the Fund's offsets is actually $17,463.50, and therefore maintains that he owes $51,602.17 minus $17,463.50, which is $34,138.67. Def.'s Resp. to Mot. Summ. J. 10. The amount the Court finds to be in controversy, $8,422.43, is the difference between the $42,561.10 that the Fund claims is outstanding and the $34,138.67 that Sedam concedes he owes.

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). There can be no genuine issue as to any material fact, however, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Where an ERISA plan gives a participant adequate notice of the plan administrator's discretion to interpret and apply the plan's terms, the Court reviews the administrator's benefits determination under an arbitrary and capricious standard. *Black v. Long Term Disability Ins.*, 582 F.3d 738, 743–44 (7th Cir. 2009). Under this standard, the Court looks to ensure the ERISA administrator's decision has rational support in the record, and will overturn that decision only if it is "downright unreasonable." *Id.* at 745 (quoting *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 606 (7th Cir. 2007)).

**II. Analysis**

    **A. Amount of Remaining Reimbursement Obligation**

As a threshold matter, it is unclear whether Sedam continues to challenge the Fund's right to withhold benefits under the Plan's terms as offsets against his unpaid reimbursement

6

obligation. *See* Def.'s Resp. to Mot. Summ. J. 3, 6. So as to leave no doubt, the Court upholds the Fund administrator's determination on point, and finds that Section 13 of the Plan unambiguously grants the Fund the right to withhold a participant's medical benefits until the participant fulfills his reimbursement obligation, s*ee* Pls.' Statement of Facts, Ex. 1 at 66–67, ECF No. 31-1, which Sedam concedes he has yet to do.

Sedam argues that the Fund has actually withheld $17,463.50 in benefits owed to him under the Plan, as opposed to the $9,014.07 the Fund claims it has withheld. *Id.* at 9–10. The issue, therefore, is whether the evidence reveals a genuine dispute of material fact regarding the Fund administrator's determination of Sedam's liability for the remaining $8,422.43. *See* Fed. R. Civ. P. 56(c); *Black*, 582 F.3d at 743–44. In their summary judgment arguments, neither party adequately incorporates and explains the relevant factual evidence from the reams of financial records and correspondence they attached to their memoranda. *See* Local Rule 7.1(D)(1)(c), (2)(c). Nevertheless, the presence of a material factual dispute is unmistakable.

To support its calculation of the remaining liability, the Fund points to Haase's February 28, 2014 affidavit. Haase states that, based on computer records, the Fund has paid $46,502.15 in medical expenses and withheld $9,041.07 in requested benefits as offsets due to Sedam's reimbursement refusal. Haase Aff. ¶¶ 9–10. The first computer record Haase references, a spreadsheet showing claims paid and offset, lists the offsets totaling $9,041.07. Contributing to that total are two offsets of $520.00 and $5,137.60 based on two charges for $520.00 and $7,450.00, respectively, billed by Anesthesia and Pain Consultants, PC, on February 24, 2012. Pls.' Statement of Facts, Ex. 7 at 1, ECF No. 31-2. The spreadsheet indicates that the Fund did not pay Anesthesia and Pain Consultants, PC, based on those claims. *See id.* However, the

7

second computer record Haase discusses, Sedam's "Reimbursement Acknowledgment Breakdown," indicates that the Fund paid Anesthesia and Pain Consultants, PC, sums of $520.00 and $7,450.00 on February 24, 2012; the document apparently includes those claimed payments in its paid medical benefits total of $46,502.15. *See id.* at 3–4.

To support his claim that the Fund did not in fact pay those claims, Sedam submits "Account Inquiries" documents from Anesthesia and Pain Consultants, PC, dated August 28, 2012, which list the charges from February 24, 2012, identify the payor as "self payor," show a carried balance, and include the message, "You were not eligible for insurance coverage at the time of service." Def.'s Resp. to Mot. Summ. J., Ex. 6 at 11–12, ECF No. 32-6; *see also* Sedam Aff. ¶ 9. Similarly, the Fund's offsets spreadsheet also raises doubts as to whether it paid a sum of $130.00 to Anesthesia and Pain Consultants, PC, on May 14, 2012, as its reimbursement sheet claims. *See* Pls.' Statement of Facts, Ex. 7 at 2, 4.

Additionally, Sedam provides evidence tending to show that the Fund did not pay other of his family's medical claims prior to and following his settlement. *See, e.g.,* Def.'s Resp. to Mot. Summ. J., Ex. 6 at 14–15. Sedam also argues that the offset amounts claimed by the Fund do not represent the full value of these withholdings: the Fund's denial of coverage meant Sedam had to pay out of pocket for the full listed amounted of the medical care. Sedam claims he did not receive the favorable insurance price adjustment reflected in the discounted amounts offset by the Fund. Def.'s Resp. to Mot. Summ. J. 3; *see* Pls.' Statement of Facts, Ex. 7 at 1 (for example, listing only $398.15 as offset for withholding payment on April 6, 2012 bill from "Hammond Henry Hos" for $779.15). The Fund fails to account for medical expenses Sedam claims he paid out of pocket that are not reflected in the Fund's offsets spreadsheet; the Fund also fails to defend

its determinations of offset value where the Fund and its participant may pay different prices for the medical care at issue. *See* Pls.' Mem. in Supp. Mot. Summ. J.; Pls.' Reply, ECF No. 33.

The internal contradiction within the Fund's own evidence regarding whether it paid or withheld certain amounts to Anesthesia and Pain Consultants, PC, coupled with Sedam's evidence of the Fund's failure to pay those and other medical bills, reveal a genuine dispute of material fact regarding which of Sedam's medical expenses the Fund has paid and which it has withheld, and the value of those withholdings. *See* Fed. R. Civ. P. 56(c). Further, because the Fund's own evidence calls into doubt its conclusion, the Fund administrator's determination of the remaining amount that Sedam owes is "downright unreasonable" and does not merit deference. *See Black*, 582 F.3d at 745. Accordingly, the Fund is denied summary judgment on the amount of reimbursement Sedam owes the Fund in excess of $34,138.67.

**B. Entitlement to Benefits Related to Accident and Settlement**

In addition to contesting the Fund's withholding of benefits pending reimbursement, Sedam's Counterclaim appears to seek a declaration of the Fund's alleged contractual obligation—presumably once Sedam has reimbursed, and is again in good standing with, the Fund—to pay medical benefits arising from the accident covered by the third-party settlement. *See* Counterclaim 3; Pl.'s Mem. in Supp. Mot. Strike 5–6, ECF No. 18; Def.'s Resp. to Mot. Summ. J. 11.

Section 17 of the Plan expressly denies any right to Fund benefits attributable to an injury caused by a third party for which the participant has obtained a settlement. Pls.' Statement of Facts, Ex. 1 at 88. On summary judgment, Sedam does not dispute the plain language of Section 17, but maintains that it is "inequitable and against public policy." Def.'s Resp. to Mot. Summ.

J. 11. He does not develop or cite legal authority in support of this argument, and therefore waives it. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.") In the light of Sedam's failure to contest the unambiguous Plan language on point, the Fund is granted summary judgment on this issue.

**C. Attorney's Fees**

Under ERISA, a district court has discretion to award attorney's fees to either party, with a "modest presumption" favoring the prevailing party. *Herman v. Cent. States, Se. & Sw. Areas Pension Fund*, 423 F.3d 684, 695–96 (7th Cir. 2005) (citing 29 U.S.C. § 1132(g)(1)). The two tests endorsed by the Seventh Circuit for determining whether fees should be awarded "ask the same question: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Id.* (internal quotation omitted). Where the plain language of an ERISA plan entitles a party to attorney's fees, however, awarding fees is a matter of contract interpretation, not statutory discretion. *See Bowles v. Quantum Chem. Co.*, 266 F.3d 622, 636 (7th Cir. 2001); *see also Chojnacki v. Georgia-Pac. Corp.*, 108 F.3d 810, 814, 818 (7th Cir. 1997) (deciding attorney's fees issue based on agreement provision without considering factors guiding award of fees under ERISA). Interpretation of a contract is generally a question of law. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 868 (7th Cir. 2012).

While the parties extensively debate whether Sedam's positions in this litigation have been substantially justified, *see Herman*, 423 F.3d at 695, the Plan's terms are dispositive of the attorney's fees issue.[4] Section 13 of the Plan provides:

> If the Plan Participant(s) and/or his or her attorney fails to reimburse the Plan for all benefits paid or to be paid, as a result of said injury or condition, out of any proceeds, judgment or settlement received, the Plan Participant(s) will be responsible for any and all expenses (whether fees or costs) associated with the Plan's attempt to recover such money from the Plan Participant(s).

Pls.' Mem. in Supp. Mot. Summ. J., Ex. 1 at 67, ECF No. 31-1.

Because this Plan provision sets forth the Fund's right to attorney's fees, the question of awarding fees is a matter of interpreting this language, not applying ERISA. *See Bowles*, 266 F.3d at 636. The Court finds that the "plain language" of the Plan awards the Fund fees in exactly the circumstances of this case. *See id.* Sedam does not claim that this provision is ambiguous, nor does he raise any other defenses to its enforcement. Therefore, any factual issues concerning substantial justification for Sedam's litigation positions are irrelevant. In the absence of any genuine dispute of material fact as to the terms of the Plan, the Court concludes that Sedam must pay the Fund's reasonable attorney's fees accrued in enforcing the Plan's reimbursement provision through this litigation.

In accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.1(A), the Fund must file a motion establishing the amount sought in attorney's fees or a reasonable estimate thereof within 14 days after judgment is ultimately entered in this case. Sedam will

---

[4] Sedam also claims that the Fund improperly requested attorney's fees for the first time upon summary judgment. Def.'s Resp. to Mot. Summ. J. 10. The request for attorney's fees, however, originated in the Complaint. The Fund highlighted the Plan language entitling the Fund to fees and costs resulting from enforcement of the reimbursement provision, and requested that adjudication be "all at Defendant's cost" in its prayer for relief. Compl. 6–7.

have 14 days from the filing of that motion to respond to the Fund's calculation of fees, if he so chooses.

## CONCLUSION

Plaintiffs/Counter-Defendants' Motion for Summary Judgment, ECF No. 29, is GRANTED IN PART and DENIED IN PART. All claims in the Complaint, ECF No. 1, and the Counterclaim, ECF No. 11, are resolved as follows: Defendant/Counter-Plaintiff Sedam is liable for failure to reimburse the Fund in an amount no less than $34,138.67. The amount of Defendant's additional monetary liability is a factual issue to be decided at trial. The Plan grants Plaintiffs the authority to offset Defendant's benefit claims until Defendant's reimbursement obligation is fully satisfied, and to withhold payment of future benefits on Defendant's behalf for injuries or illnesses arising from Defendant's July 1, 2008 automobile accident. Defendant must pay Plaintiffs' reasonable attorney's fees accrued in litigating this case. Plaintiffs must establish the amount of those fees through the procedure described herein. In light of the timing of this Order, the parties have until June 20, 2014, to submit their proposed Final Pretrial Order.

Entered this 16th day of June, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE